# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KRISTINE CIEPLINSKI,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant,

CIVIL ACTION NO. 3:10-CV-1093

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion to Dismiss. (Doc. 4.) For the reasons discussed more fully below, this motion will be denied in part and granted in part.

## BACKGROUND

The facts alleged in the Complaint are as follows. On December 14, 2006, Plaintiff Kristine Cieplinski was involved in a motor vehicle accident that caused her to suffer bodily injury. (Compl. ¶ 3.) At the time the accident occurred, Plaintiff was insured by State Farm; the State Farm policy provided Plaintiff with first party medical benefits. (Compl. ¶ 4.)

Plaintiff submitted medical bills to State Farm. (Compl. ¶ 8.) After a peer review, State Farm refused to pay for medical expenses incurred by Plaintiff for her treatment with Anthony J. Vigorito, D.C. (Compl. ¶ 9.) Suit was filed against State Farm, at which time State Farm agreed to pay for Plaintiff's treatment with Vigorito. (Compl. ¶ 10.) On January 4, 2010, a second peer review was performed by State Farm; State Farm used the same reviewer, Dr. Joseph Camilli, who determined that continued chiropractic care was not clinically necessary beyond October 26, 2009. (Compl. ¶ 11.)

Plaintiff alleges that State Farm refused to pay her medical claims without conducting a reasonable investigation, failed to adopt and implement reasonable standards for prompt investigation of medical claims, did not attempt to effectuate prompt, fair and equitable settlement of Plaintiff's claims, and "abused the peer review process in that chiropractor, James Camilli, D.C., who reviewed the medical bills to determine there (sic) reasonableness and the (sic) necessity had previously done a peer review on behalf of State Farm Mutual Automobile Insurance Company and he determined that prior bills were not reasonable and necessary." (Compl. ¶¶ 14, 16, 20-25.)

On March 31, 2010, Plaintiff filed a Complaint in the Court of Common Pleas of Lackawanna County, bringing causes of action for Bad Faith pursuant to 42 PA. CONS. STAT. § 8371 (Count I) and Breach of Contract (Count II). State Farm removed the case to federal court on May 21, 2010. (Doc. 1.) State Farm filed the instant motion to dismiss on June 1, 2010; State Farm seeks to have Count I dismissed and to have Plaintiff's demands for counsel fees dismissed as to Count II. This motion has been fully briefed and is currently ripe for disposition.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element,

2

*Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining

if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

**1.     Count I- Bad Faith**

**A.     Preemption**

First, State Farm argues that Plaintiff's Bad Faith claim under 42 PA. CONS. STAT. § 8371 is preempted by 75 PA. CONS. STAT. § 1797. Defendant cites *Cronin v. State Farm Mutual Automobile Insurance Co.*, No. 3:06-cv-1081, 2006 WL 3098473, at *2 (M.D. Pa. Oct. 30, 2006), as standing for the proposition that all claims brought pursuant to § 8371 for first party medical benefit denials are preempted by § 1797. However, subsequent case law in this district make it clear that certain claims for bad faith relating to first party medical benefit denials may be brought pursuant to § 8371. *See Perkins v. State Farm Insurance Co.*, 589 F. Supp.2d 559 (M.D. Pa. 2008).

In *Cronin*, the plaintiff simply claimed that the defendant insurance company had refused to pay medical and wage loss benefits. *Cronin*, 2006 WL 3098473, at *1. This Court held that "section 1797 of the MVFRL provides 'the exclusive first party remedy for bad faith denials by insurance companies with respect to claims arising out of automobile accidents.'" *Id.* at *2 (quoting *Gemini Physical Therapy & Rehab., Inc. v. State Farm Mutual Automobile Insurance Co.*, 40 F.3d 63, 67 (3d Cir. 1994)). However, it was noted that the holding in *Gemini* had been called into question by the Pennsylvania Supreme Court's subsequent

4

reversal of the case on which the *Gemini* court had based its reasoning. *Id.* at \*2 n.2.

In *Perkins*, the court noted the "tableau of dissonant precedent" that had been created by divergent holdings by various courts. 589 F. Supp.2d at 564-65 (citations omitted). Some courts had held that § 8371 and § 1797 were irreconcilable and, therefore, § 8371 was preempted, while other courts had held "that while § 8371 is preempted by the MVFRL where an insured challenges only the denial of first-party medical benefits, an insured may raise a § 8371 claim based on allegations of bad faith conduct on the part of an insurer which goes beyond the scope of § 1797(b), such as claims involving contract interpretation or claims that the insurers did not properly invoke or follow the [peer review] process." *Id*. The plaintiff in *Perkins*, unlike the plaintiff in *Cronin*, alleged that the defendant insurance company used a peer review organization that had done substantial work for defendant and, therefore, had a financial interest in providing biased determinations that led to consistently negative peer review reports in order to keep the insurance company's business. *Id.* at 566. The court held that such allegations were not preempted by § 1797, reasoning that "allowing a bad faith claim where an insurer abuses the [peer review] process gives effect to the intent of both § 1797 and § 8371 by ensuring that insurers utilize the [peer review] process only for its stated purposes-determining the reasonableness and necessity of treatment-and preserving the broad remedial provisions enacted by the bad faith statute." *Id.*

Like the plaintiff in *Perkins*, Plaintiff in the instant case has made allegations that State Farm has abused the peer review process by hiring a peer reviewer that it knew had previously provided negative reports regarding Plaintiff's treatment. (Compl. ¶ 16.) Such allegations are not preempted by § 1797. However, to the extent that Plaintiff's § 8371 claim

5

is based on failure to conduct a reasonable investigation, evaluate coverage, or promptly notify her of a denial of first party benefits, such allegations are preempted by § 1797. *See Perkins*, 589 F. Supp.2d at 566. Thus, Plaintiff's bad faith claim survives only to the extent that she is alleging that State Farm abused the peer review process by hiring a peer reviewer that would give a biased determination. Although Defendant argues that the reviewer is selected by an independent organization, this is an argument that is more properly disposed of at the summary judgment stage. At this stage of litigation, this Court is only determining whether Plaintiff has made sufficient allegations that she should be entitled to offer evidence to support her claims, which she has.

### B. 42 PA. CONS. STAT. § 8371 Standard

In order to state a claim for bad faith pursuant to 42 PA. CONS. STAT. § 8371, a Plaintiff must allege that the insurer 1) had no reasonable basis for denying benefits under the policy, and 2) knew of or recklessly disregarded its lack of a reasonable basis. *W.V. Realty, Inc. v. Northern Insurance Co.*, 334 F.3d 306, 312 (3d Cir. 2003). Plaintiff has alleged that State Farm denied her first party medical benefits by using the same peer reviewer on multiple occasions and in the face of Plaintiff's treating chiropractor's recommendations that she treat two (2) or three (3) times per month for the rest of her life. Plaintiff further alleges that these actions were taken "with reckless disregard of the fact that such denial was without reasonable basis." (Compl. ¶ 35.) As such, Plaintiff has properly alleged a cause of action for bad faith pursuant to 42 PA. CONS. STAT. § 8371, and State Farm's motion will be denied on this count.

6

**2.      Count II- Breach of Contract: Attorney's Fees**

Plaintiff seeks attorneys fees on her breach of contract claim. Under Pennsylvania law, a party may recover attorneys fees only where they are 1) authorized by statute, 2) authorized by contract or agreement among the parties, or 3) authorized by some other recognized exception. *Chatham Communications, Inc. v. General Press Corp.*, 344 A.2d 837, 842 (Pa. 1975). Plaintiff does not argue that the attorney fees are authorized by contract or another recognized exception. Instead, Plaintiff argues that attorneys fees are available by statute.

As support for this position, Plaintiff cites 75 PA. CONS. STAT. § 1797(b)(6), which provides for attorneys fees in cases where a party challenges an insurer's refusal to pay for medical treatment or rehabilitative services. However, § 1796(b)(6) specifically states that attorneys fees are available where "pursuant to paragraph (4), a court determines that medical treatment or rehabilitative services or merchandise were medically necessary." The aforementioned paragraph (4) allows an insured to "challenge before a court an insurer's refusal to pay for . . . medical treatment or rehabilitative services or merchandise, the reasonableness or necessity of which the insurer has not challenged before a [peer review organization]." 75 PA. CONS. STAT. § 1797(b)(4). Plaintiff has not brought a cause of action under § 1797(b)(4) in this case. Because Plaintiff has not brought her claim pursuant to § 1797(b)(4), she is not subject to the attorneys fees provision in § 1797(b)(6). Therefore, there is no statutory authorization for attorneys fees in this case, and Defendant's motion will be granted on this matter.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motions to Dismiss will be denied in part and granted in part. An appropriate order follows.


July 26, 2010 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KRISTINE CIEPLINSKI,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant, | CIVIL ACTION NO. 3:10-CV-1093<br><br>(JUDGE CAPUTO) |

## ORDER

**NOW**, this   26th   day of July, 2010, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 4) is **DENIED in part and GRANTED in part** as follows:

1) Defendant's motion to dismiss Count I of Plaintiff's Complaint is **DENIED**.

2) Defendant's motion to dismiss Plaintiff's demand for counsel fees in Count II is **GRANTED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge